YOUNTS v. STARNES.

1. FINDINGS OF FACT—MORTGAGE TO PARTNERSHIP—SURVIVORS.—Error cannot be imputed to the Circuit Judge in holding that the plaintiffs were the survivors of the partnership mortgagees, and as such the owners and holders of the mortgage debt, where no such question was raised in the court below, and there was testimony to the facts so found.

2. SUBSTITUTED DEED—PROOF.—Where a deed and mortgage back are executed at the same time, and afterwards a second deed of later date is executed in substitution for the first, the first deed, in action to foreclose the mortgage, is sufficiently proved by the testimony of grantor and grantee.

3. DEED AND MORTGAGE—SECOND DEED—WARRANTY.—The second deed being understood and intended as a substitution for the first, and the vendee's mortgage for the purchase money having been contemporaneous with the first deed, such mortgage was not a prior encumbrance against which the vendee was protected by the vendor's covenant of general warranty in the second deed.

4. IBID.—IBID.—RECORDING—NOTICE.—And a mortgagee, subsequent to the second deed, having notice at the time of taking his mortgage that the purchase money of the land was not fully paid, and further notice at the time of his purchase of the land under decree of foreclosure of the purchase money mortgage given by his mortgagor, cannot claim to be a purchaser for value without notice of the duly recorded mortgage to the original vendor, even though the first deed, of even date with that mortgage, had never been recorded.

5. GENERAL EXCEPTIONS not considered.

Before GARY, J., Lancaster, January, 1894.

Action by J. A. Younts and W. E. Younts, survivors of S. Younts, Son & Co., against J. R. Starnes and others, including Samuel Wittkowsky, commenced in January, 1893.

*Messrs. Wylie & Wylie,* for appellant.

*Messrs. R. E. & R. B. Allison,* contra.

July 26, 1894.   The opinion of the court was delivered by

MR. JUSTICE McGOWAN.   This was a proceeding to foreclose a mortgage on the tract of land described in the complaint, executed by the defendants to the plaintiff, J. A.

Younts, and one Samuel Younts, for a balance of the purchase money of said tract of land sold and conveyed to the defendants. The case depends largely upon the facts, which are somewhat complicated; and that the points may be clearly understood, we will state the principal findings of facts by the referee, which are as follows:

"(1) That on January 20, 1882, S. Younts and J. A Younts (then the firm of S. Younts & Son), sold and conveyed to the defendants, J. R. and D. H. Starnes, a tract of land containing about one hundred acres (the same in contention here), and took their notes for the payment of the purchase money, $2,500, two notes each in the sum of $1,250, dated January 20, 1882; and in order to secure these notes, the Starnes on the same day executed and delivered to S. Younts & Son the aforesaid mortgage of the tract of land.

"(2) That the deed of conveyance of the same date (January 20, 1882,) was never recorded; and that the said mortgage of January 20th, 1882, from J. R. and D. H. Starnes to S. Younts & Son, was duly recorded in the proper office of Lancaster County on January 30, 1883.

"(3) That subsequent to January 20th, 1882, the plaintiff, W. E. Younts, became a member of said firm of S. Younts & Son, the style of the firm being thereafter S. Younts, Son & Co., the latter named firm thereby becoming the owners and holders for value of the notes and mortgage aforesaid; that later the said S. Younts, the father of plaintiffs, died intestate, leaving the plaintiffs as the only survivors of the said firm of S. Younts, Son & Co., and as such survivors the owners and holders for value of the said notes and mortgage.

"(4) That since the execution of the notes aforesaid the defendants, J. R. and D. H. Starnes, have paid in full one of them, which was surrendered by plaintiffs; that on the other note, the one mentioned in the complaint, the defendants, J. R. and D. H. Starnes, have made sundry payments (which are all stated), leaving a balance due of $539.63 and interest.

"(5) That on March 17, 1886, the said S. Younts and J. A. Younts (then the firm of S. Younts & Son) executed and delivered to the defendants, J. R. and D. H. Starnes, a second deed

of conveyance to the said tract of land, conveyed or sought to be conveyed in the deed of January 20th, 1882; that the deed of March 17, 1886, was duly recorded in the proper office in Lancaster County on April 15, 1886.

"(6) That the deed of March 17, 1886, was executed and delivered by the said S. Younts and J. A. Younts to the defendants, J. R. and D. H. Starnes, at their request, who had been informed that the deed of January 20th, 1882, was defective, in that it was signed 'S. Younts & Son,' instead of by the individual members of the firm, viz.: 'S. Younts' and 'J. A. Younts;' that it was the intention of the parties that the deed of March 17, 1886, was to take the place of, or to be a substitute for, the deed of January 20, 1882, and that the new transaction was in no way to impair the mortgage debt or invalidate the existing note and mortgage of January 20th, 1882, as held by S. Younts & Son.

"(7) That during the spring or summer of 1888 the defendant, Samuel Wittkowsky, sold and delivered to the defendants, J. R. and D. H. Starnes, goods to the amount of several thousand dollars, to secure the payment of which the said J. R. and D. H. Starnes, on December 25, 1888, executed and delivered to the said Samuel Wittkowsky their five promissory notes and their mortgage on the tract of land conveyed to them by S. Younts and J. A. Younts by the aforesaid deed of January 20, 1882, and the deed of March 17, 1886; that there being default in the payment of said notes and mortgage, the said Wittkowsky, on March 29, 1892, instituted proceedings to foreclose said mortgage, and obtained a decree of foreclosure, and at the sale ordered by the court on December 5, 1892, became the purchaser of the said tract of land, and received sheriff's titles for the same; that it is by virtue of these foreclosure proceedings that the defendant, Samuel Wittkowsky, claims to be the owner of the tract of land in question.

"(8) That before the execution of the mortgage by J. R. and D. H. Starnes to Samuel Wittkowsky on December 27, 1888, the said J. R. Starnes gave to the said Samuel Wittkowsky actual notice that the purchase money for the tract of land in question had not been paid in full to the Younts, from whom

the land had been purchased." At the request of the defendant Wittkowsky, the referee also found that when Wittkowsky sold the goods to the Starnes in the spring of 1888, he had no actual notice of the Younts' debt and mortgage, &c.

The referee found the facts as herein stated, but dismissed the complaint on the ground that the plaintiffs were estopped by the covenant of warranty embraced in their deed of March 17, 1886; and that Samuel Wittkowsky was a *bona fide* purchaser, without notice of the existence of plaintiffs' mortgage. To this report both parties filed exceptions, and the cause coming on for trial by his honor, Judge Ernest Gary, he concurred for the most part with the referee as to his findings of fact, but reversed his conclusion of law, holding that the lien of the plaintiffs' mortgage was superior to that of Wittkowsky, who was at least chargeable with sufficient notice of the facts to put him upon the inquiry, &c. From this decree the defendant Wittkowsky appeals to this court upon numerous exceptions, twenty-four in number, many of which duplicate in different form points already made. They are all in the Brief, and we will not attempt to consider them *seriatim*, but endeavor to classify them according to the subject matter.

I. Exception 4 suggests error in holding that Samuel Younts, one of the firm of S. Younts, Son & Co., had died, and the plaintiffs were the survivors, and as such the owners and holders of the bond and mortgage sued on. No such question seems to have been heard and decided below. But, if it had been, we think the proof was sufficient to sustain the finding of the referee. A mortgage is a mere security, and may be enforced by the survivors of a firm to which it was given.

Exceptions 1, 2, 3, 15, and 20 charge that there was error in finding, as matter of fact, "that at the time the mortgage (to plaintiffs, 20th January, 1882,) was executed, the plaintiffs executed a deed of conveyance of the premises, and delivered it to the defendants, J. R. and D. H. Starnes." The existence or non-existence of such a deed was a matter of fact collateral to the issue. The parties who executed it and those to whom it was delivered proved it. The very existence

of the mortgage of that date proved it, for the purchasers could not convey back land purchased until it had been first conveyed to them. The referee found the fact, and the Circuit Judge concurred with him. We cannot doubt that a deed of the premises was executed on January 20, 1882, for which the deed of March 17, 1886, was intended, by the parties, to be merely a substitute, and considered as of the date of the first deed and the mortgage.

Exceptions 8, 9, 12, 14, and 22, in different forms, impute error to the judge in not holding "that the plaintiffs were estopped by the covenants of warranty contained in their deed of March 17, 1886, from setting up their alleged mortgage in this action," &c. It seems to us that, as to the supposed effect of the warranty in the last deed of the plaintiffs (1886), there is some confusion, arising, as we think, from considering that deed as a separate and distinct transaction; when we have just ascertained, as a fact, that the deed of 1886 was executed at the instance of the Starnes (purchasers), merely as a substitute for that of 1882, which was supposed to be defective from the manner in which it was signed. In view of this finding, the mortgage of 1882, which had been regularly signed, delivered, and recorded, was not prior to the covenants of the deed, but of even date with them, the conveyance of the vendor and the mortgage of the vendee being related as important parts of the same transaction. There are, as urged, some very nice distinctions in the law of estoppel, but we do not think that the facts of this case authorize us to apply them here. Considering the deed of 1886 as a substitute for that of 1882, and by the consent of all the parties in interest, to be considered as of that date, all the difficulties supposed to arise out of the covenants of the deed as to laches, satisfaction, and estoppel, are at once removed, and the case becomes the ordinary one, where the vendor conveys his land with warranty against prior incumbrances, and the vendee reconveys the land by way of mortgage to secure the purchase money, &c.

Exceptions 5, 6, 7, 10, 11, 13 and 21, all in one form or another, relate to the question of notice, actual or constructive,

and as to how far the defendant, Wittkowsky, was affected thereby. It is quite clear that the conveyance of the land by the Younts to the Starnes, whether we consider the first deed of 1882 or that substituted for it in 1886, was long before Wittkowsky had any business connection with the parties or the land. His mortgage was executed December 27, 1888; and the referee found that, before its execution, "J. R. Starnes gave to the said Wittkowsky actual notice that the purchase money for the tract of land in question had not been paid in full to the Younts, from whom the land had been purchased." And before the sale of the land under the foreclosure proceedings of Wittkowsky, public notice was again given of the Younts claim and mortgage on the land. Besides, all this time the mortgage of the plaintiffs was regularly on the record; and we cannot doubt that Wittkowsky must be held bound by this constructive notice that the mortgage of the plaintiffs still existed. "Mortgagees of land are not bound to give to purchasers from the mortgagor any further notice of their claim than that which the record of the mortgage gives." *Annelly* v. *DeSaussure*, 12 S. C., 488. Under these circumstances, we cannot say that the Circuit Judge erred in holding "that it was error in deciding that the defendant, Wittkowsky, was a creditor for value, and without notice of the existence of plaintiffs' mortgage. The mortgage, as has been stated, was properly recorded in the proper office long before the debt of Wittkowsky was contracted, and this fact alone would charge him with notice. Besides, he had sufficient notice of facts that would put him on inquiry," &c.

Exceptions 15, 16, 17, 18, 19, and 23 are too general to be considered; and even if they were not so, the points raised thereby have been fully disposed of in other portions of this opinion. When the exceptions are so numerous, and many of them necessarily repetitions, it is impossible for this court, under the labors imposed upon it, to consider them except in groups; but we think that all the questions of importance in the case have been considered.

The judgment of this court is, that the judgment of the Circuit Court be affirmed, and the appeal dismissed.